**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| EXXON MOBIL CORPORATION; EXXONMOBIL DEVELOPMENT COMPANY; and EXXONMOBIL OIL CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN MNUCHIN, in his official capacity as U.S. Secretary of the U.S. Department of the Treasury; JOHN E. SMITH, in his official capacity as the Director of the U.S. Department of the Treasury's Office of Foreign Assets Control; and the U.S. DEPARTMENT OF THE TREASURY'S OFFICE OF FOREIGN ASSETS CONTROL,<br><br>Defendants. | Action No. 3:17-cv-1930-B<br>The Honorable Jane Boyle |

## ANSWER

Defendants, Steven Mnuchin, in his official capacity as Secretary of the U.S. Department of the Treasury; John E. Smith, in his official capacity as Director of the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"); and OFAC, hereby answer Plaintiffs' complaint as follows:

1.      The first sentence of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations except to admit that the persons and entities listed in this sentence are parties to this litigation, in which Plaintiffs are challenging the issuance of a civil monetary penalty by OFAC.  The second sentence of this paragraph

consists of Plaintiffs' characterizations of the Penalty Notice issued to Plaintiffs by
Defendants.  Defendants deny any characterization of the notice, which speaks for itself,
and respectfully refer the Court to that document for a complete and accurate statement of
its contents.

2.      This paragraph consists of legal conclusions, to which no response is
required.  To the extent a response is deemed required, the allegations are denied.

3.      This paragraph consists of Plaintiffs' characterizations of the Penalty
Notice issued to Plaintiffs by Defendants.  Defendants deny any characterization of the
notice, which speaks for itself, and respectfully refer the Court to that document for a
complete and accurate statement of its contents.

4.      The first sentence of this paragraph consists of Plaintiffs' characterizations
of the Penalty Notice issued to Plaintiffs by Defendants.  Defendants deny any
characterization of the notice, which speaks for itself, and respectfully refer the Court to
that document for a complete and accurate statement of its contents.  The second sentence
of this paragraph consists of legal conclusions, to which no response is required.  To the
extent a response is deemed required, the allegations are denied.  The third sentence of
this paragraph consists of Plaintiffs' characterizations of the Penalty Notice issued to
Plaintiffs by Defendants.  Defendants deny any characterization of the notice, which
speaks for itself, and respectfully refer the Court to that document for a complete and
accurate statement of its contents.

5.      The first sentence of this paragraph consists of Plaintiffs' characterizations
of guidance from the White House regarding Executive Order 13661.  Defendants deny
any characterization of the guidance, which speaks for itself, and respectfully refer the

2

Court to the guidance for a complete and accurate statement of its contents.  The second sentence of this paragraph consists of Plaintiffs' characterizations of the Penalty Notice issued to Plaintiffs by Defendants.  Defendants deny any characterization of the notice, which speaks for itself, and respectfully refer the Court to that document for a complete and accurate statement of its contents.  The third, fourth, fifth, and sixth sentences of this paragraph consist of Plaintiffs' characterizations of statements made by Department of the Treasury and White House officials regarding Executive Order 13661.  Defendants deny any characterization of those statements, which speak for themselves, and respectfully refer the Court to the statements for a complete and accurate statement of their contents.  The seventh sentence of this paragraph consists of Plaintiffs' characterization of seven deeds and one agreement entered into by Plaintiffs with Rosneft Oil Company.  Defendants deny any characterization of the documents, which speak for themselves, and respectfully refer the Court to these documents for a complete and accurate statement of their contents.  The eighth sentence of this paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

6.     The first and second sentences of this paragraph consist of Plaintiffs' characterizations of Executive Order 13661 and guidance from the White House and the Department of the Treasury regarding that Order.  Defendants deny any characterization of these documents, which speak for themselves, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.  The remainder of this paragraph consists of legal conclusions, to which no response is required.  To the extent a

response is deemed required, the allegations in the third sentence are admitted and the remainder of the allegations are denied.

7.      The first two sentences of this paragraph consist of Plaintiffs' characterizations of the legal position upon which the Penalty Notice was based, to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.  The third sentence of this paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.  The fourth sentence of this paragraph consists of Plaintiffs' characterization of the Supreme Court opinion in *Christopher v. SmithKline Beecham Corp.*  Defendants deny any characterization of the Supreme Court's opinion, which speaks for itself, and respectfully refer the Court to that opinion for a complete and accurate statement of its contents.

8.      This paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations except to admit that the persons and entities listed in this sentence are parties to this litigation, in which Plaintiffs are challenging the Penalty Notice issued to Plaintiffs by OFAC.

## PARTIES

9.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

10.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

11.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

12.     The allegations in this paragraph are admitted.

13.     The allegations in this paragraph are admitted.

14.     The allegations in this paragraph are admitted.

## JURISDICTION AND VENUE

15.     The first sentence of this paragraph consists of Plaintiffs' characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs have purported to bring claims in this case pursuant to the Due Process Clause of the Fifth Amendment as well as the Administrative Procedure Act, 5 U.S.C. §§ 702-706.  The second sentence of this paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed necessary, the allegation is admitted.

16.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, the allegations are denied to the extent they allege that Plaintiffs are entitled to any relief in this action.

17.     The first sentence of this paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendants admit that 28 U.S.C. § 1391(e)(1)(C) authorizes a plaintiff to bring suit in a federal district court where the plaintiff resides.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of this paragraph.

18.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendants admit that 5 U.S.C. § 702 permits a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to seek judicial review.

## FACTUAL ALLEGATIONS

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of this paragraph.  The third sentence of this paragraph consists of Plaintiffs' characterization of the United States government's views of Plaintiffs' business relationship with Rosneft, to which no response is required.  To the extent a response is deemed necessary, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

20.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

21.     This paragraph consists of characterizations of the Penalty Notice issued to Plaintiffs by Defendants.  Defendants deny any characterization of the notice, which speaks for itself, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

22.     The first sentence of this paragraph consists of Plaintiffs' characterizations of a Strategic Cooperation Agreement.  Defendants, who were not parties to the Strategic Cooperation Agreement, deny any characterization of the Strategic Cooperation Agreement, which speaks for itself, and respectfully refer the Court to the Strategic Cooperation Agreement for a complete and accurate statement of its contents.

6

Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

23.     This paragraph consists of characterizations of deeds entered into by Plaintiffs and Rosneft Oil Company.  Defendants, who were not parties to the deeds, deny any characterization of the deeds, which speak for themselves, and respectfully refer the Court to the deeds for a complete and accurate statement of their contents.  To the extent the third sentence of this paragraph alleges that Igor Sechin signed the deeds in a representative capacity and that the deeds were therefore compliant with the Ukraine Related Sanctions Regulations, the sentence consists of a legal conclusion, to which no response is necessary.  To the extent a response is deemed necessary, the allegation is denied.

24.     This paragraph consists of characterizations of deeds entered into by Plaintiffs and Rosneft Oil Company.  Defendants, who were not parties to the deeds, deny any characterization of the deeds, which speak for themselves, and respectfully refer the Court to the deeds for a complete and accurate statement of their contents.

25.     This paragraph consists of characterizations of the Penalty Notice issued to Plaintiffs by Defendants.  Defendants deny any characterization of the notice, which speaks for itself, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

26.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

27.     This paragraph consists of characterizations of agreements entered into by Plaintiffs and Rosneft Oil Company.  Defendants, who were not parties to the

agreements, deny any characterization of the agreements, which speak for themselves, and respectfully refer the Court to the agreements for a complete and accurate statement of their contents.  To the extent the second sentence of this paragraph alleges that Igor Sechin signed the deeds in a representative capacity and that the deeds were therefore compliant with the Ukraine Related Sanctions Regulations, the sentence consists of a legal conclusion, to which no response is necessary.  To the extent a response is deemed necessary, the allegation is denied.

28.     This paragraph consists of characterizations of an extension agreement entered into by Plaintiffs and Rosneft Oil Company.  Defendants, who were not parties to the agreement, deny any characterization of the agreement, which speaks for itself, and respectfully refer the Court to the agreement for a complete and accurate statement of its contents.

29.     This paragraph consists of characterizations of an extension agreement entered into by Plaintiffs and Rosneft Oil Company.  Defendants, who were not parties to the agreement, deny any characterization of the agreement, which speaks for itself, and respectfully refer the Court to the agreement for a complete and accurate statement of its contents.  Defendants further lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent they pertain to the method of transporting documents related to the extension agreement to Russia from the United States.

30.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

31.     The allegations in the first sentence of this paragraph are admitted.  The second and third sentences of this paragraph consist of Plaintiffs' characterizations of Executive Order 13660.  Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

32.     This paragraph consists of Plaintiffs' characterization of Executive Order 13661, including an excerpt from that Order.  Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

33.     This paragraph consists of Plaintiffs' characterization of Executive Order 13661, including an excerpt from that Order.  Defendants deny any characterization of the Executive Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

34.     The first sentence of this paragraph consists of Plaintiffs' characterization of a White House briefing regarding Executive Order 13661, including an excerpt from that briefing.  Defendants deny any characterization of the briefing, which speaks for itself, and respectfully refer the Court to the briefing for a complete and accurate statement of its contents.  The allegations in the last sentence of this paragraph are admitted.

35.     The first sentence of this paragraph consists of Plaintiffs' characterization of a White House fact sheet regarding Executive Order 13661.  Defendants deny any characterization of the fact sheet, which speaks for itself, and respectfully refer the Court

to the fact sheet for a complete and accurate statement of its contents.  The allegations in the second sentence of this paragraph are admitted.

36.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

37.     The allegations in the first sentence of this paragraph are admitted, insofar as they allege that on April 28, 2014 Igor Sechin was added to the Department of the Treasury's Specially Designated Nationals and Blocked Persons list.  The second sentence of this paragraph consists of Plaintiffs' characterization of a White House conference call regarding Executive Order 13661.  Defendants deny any characterization of the conference call, which speaks for itself, and respectfully refer the Court to the publicly available text of the call for a complete and accurate statement of its contents.  The allegations in this third sentence are admitted.

38.     The allegations in the first sentence of this paragraph are admitted.  The remainder of this paragraph consists of Plaintiffs' characterizations of an interview with then-White House Deputy National Security Advisor Tony Blinken with PBS NewsHour.  Defendants deny any characterization of the interview, which speaks for itself, and respectfully refer the Court to a transcript of the interview for a complete and accurate statement of its contents.

39.     This paragraph consists of Plaintiffs' characterizations of guidance issued by the White House regarding Executive Order 13661.  Defendants deny any characterization of the guidance, which speaks for itself, and respectfully refer the Court to that guidance for a complete and accurate statement of its contents.

40.     The first two sentences of this paragraph consist of Plaintiffs' characterizations of guidance issued by the Department of the Treasury regarding sanctions issued pursuant to Executive Order 13661.  Defendants deny any characterization of the guidance, which speaks for itself, and respectfully refer the Court to that guidance for a complete and accurate statement of its contents.  The third and fourth sentences of this paragraph consist of Plaintiffs' characterizations of statements made by Department of the Treasury officials on April 28, 2014 to members of the press. Defendants deny any characterization of those statements, which speak for themselves, and respectfully refer the Court to those statements for a complete and accurate statement of their contents.

41.     The first and second sentences of this paragraph consist of Plaintiffs' characterizations about how the White House guidance and Department of the Treasury guidance regarding Executive Order 13661 were interpreted, including by the private sector and the media.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in these sentences.  The third sentence of this paragraph consists of Plaintiffs' characterization of an April 28, 2014 news article from *Foreign Policy*, including an excerpt from that article.  Defendants deny any characterization of the article, which speaks for itself, and respectfully refer the Court to that article for a complete and accurate statement of its contents.

42.     This paragraph consists of Plaintiffs' characterization of an April 28, 2014 news article from *The New York Times*, including an excerpt from that article. Defendants deny any characterization of the article, which speaks for itself, and

respectfully refer the Court to that article for a complete and accurate statement of its contents.

43.     The first sentence of this paragraph consists of Plaintiffs' characterization of an April 28, 2014 news article from *The New York Times*, including an excerpt from that article.  Defendants deny any characterization of the article, which speaks for itself, and respectfully refer the Court to that article for a complete and accurate statement of its contents.  The first part of the second sentence of this paragraph consists of Plaintiffs' characterization of the excerpt from the article.  Defendants deny any characterization of the article, which speaks for itself, and respectfully refer the Court to the article for a complete and accurate statement of its contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding Bob Dudley's position on the Rosneft board.

44.     This paragraph consists of Plaintiffs' characterization of a May 16, 2014 news article from *The Wall Street Journal*, including an excerpt from that article. Defendants deny any characterization of the article, which speaks for itself, and respectfully refer the Court to that article for a complete and accurate statement of its contents.

45.     The allegations in this paragraph are admitted insofar as they state that ExxonMobil and Rosneft executed one agreement and seven completion deeds in May 2014 and that OFAC has determined that the signing of these documents with Igor Sechin violated the Ukraine Related Sanctions Regulations.  Defendants deny any characterization of the agreement and completion deeds, which speak for themselves, and

respectfully refer the Court to those documents for a complete and accurate statement of
their contents.

46.     The first sentence of this paragraph consists of a legal conclusion, to
which no response is required.  To the extent a response is deemed required, the
allegations are denied.  The second and third sentences of this paragraph consist of
Plaintiffs' characterizations of White House guidance and Department of the Treasury
guidance regarding Executive Order 13661.  Defendants deny any characterization of this
guidance, which speak for themselves, and respectfully refer the Court to the guidance
for a complete and accurate statement of their contents.

47.     The allegations in this paragraph are admitted.

48.     This paragraph consists of Plaintiffs' characterization of an administrative
subpoena issued by OFAC to ExxonMobil Development Company on July 22, 2014.
Defendants deny any characterization of the subpoena, which speaks for itself, and
respectfully refer the Court to the subpoena for a complete and accurate statement of its
contents.

49.     Defendants deny the allegations in this sentence except to admit that
officials for OFAC and ExxonMobil's outside legal counsel exchanged communications
regarding the administrative subpoena.

50.     The allegations in the first sentence of this paragraph are denied.  The
allegations in the second sentence are denied except to admit that FAQ 285 was issued
shortly following the promulgation of the Burma sanctions regulations, that the FAQ was
removed from OFAC's website on October 7, 2016 after the Burma program was lifted,
and that the FAQ is not currently available.  The third sentence consists of Plaintiffs'

characterizations of FAQ 3 and 31 C.F.R. § 589.101.  Defendants deny any

characterization of these documents, which speak for themselves, and respectfully refer

the Court to the documents for a complete and accurate statement of their contents.  The

fourth sentence of this paragraph consists of Plaintiffs' characterizations of FAQ 285 and

White House guidance and Department of the Treasury guidance regarding Executive

Order 13661.  Defendants deny any characterizations of these documents, which speak

for themselves, and respectfully refer the Court to the documents for a complete and

accurate statement of their contents.

51.     The allegations in the first sentence of this paragraph are admitted.  The

remainder of this paragraph consists of Plaintiffs' characterizations of the response to

administrative subpoena sent by ExxonMobil Development Company to OFAC on

August 21, 2014.  Defendants deny any characterization of this response, which speaks

for itself, and respectfully refer the Court to the response for a complete and accurate

statement of its contents.

52.     The allegations in this paragraph are admitted.

53.     The allegations in the first sentence of this paragraph are admitted.  The

second and third sentences of this paragraph consist of Plaintiffs' characterization of the

Pre-Penalty Notice provided to ExxonMobil by OFAC, including excerpts from that

document.  Defendants deny any characterization of the Pre-Penalty Notice, which

speaks for itself, and respectfully refer the Court to the Pre-Penalty Notice for a complete

and accurate statement of its contents.  The allegations in the fourth sentence of this

paragraph are denied.  The allegations in the fifth sentence of this paragraph are denied to

the extent they allege that Plaintiffs did not engage in any wrongdoing.  Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations in the sixth and seventh sentences of this paragraph and deny these allegations to the extent they allege that Plaintiffs did not engage in any wrongdoing.

54.     The allegations in the first sentence of this paragraph are admitted to the extent they allege that ExxonMobil responded to the Pre-Penalty Notice by letter dated August 5, 2015.  The remainder of this paragraph consists of Plaintiffs' characterization of that letter.  Defendants deny any characterization of the letter, which speaks for itself, and respectfully refer the Court to the letter for a complete and accurate statement of its contents.

55.     The allegations in the first sentence of this paragraph are admitted insofar as they allege that on September 26, 2016 ExxonMobil met with representatives from OFAC to discuss the Pre-Penalty Notice and ExxonMobil's response.  The second and third sentences of this paragraph consist of Plaintiffs' characterizations of a September 26, 2016 meeting between OFAC officials and counsel for ExxonMobil, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

56.     The allegations in the first sentence of this paragraph are admitted.  The second sentence of this paragraph consists of Plaintiffs' characterizations of an October 12, 2016 letter from ExxonMobil to OFAC.  Defendants deny any characterization of the letter, which speaks for itself, and respectfully refer the Court to the letter for a complete and accurate statement of its contents.

57.     The allegations in the first sentence of this paragraph are admitted.  The second sentence of this paragraph consists of Plaintiffs' characterization of meetings and

correspondence between OFAC and ExxonMobil in 2017, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

58.     The allegations in this paragraph are admitted to the extent they allege that OFAC issued a Penalty Notice to Plaintiffs on July 20, 2017.

59.     The allegations in this paragraph are admitted insofar as OFAC cited 31 C.F.R. § 589.201 as the basis for its authority to issue the Penalty Notice to ExxonMobil.

60.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, the allegations are admitted.

61.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

62.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

63.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

64.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## FIRST CAUSE OF ACTION

65.     This paragraph incorporates and re-alleges all preceding paragraphs.  To the extent a response is deemed required, Defendants incorporate by reference and refer the Court to their responses to the preceding paragraphs.

66.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

16

67.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, the allegations are admitted.

68.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## SECOND CAUSE OF ACTION

69.     This paragraph incorporates and re-alleges all preceding paragraphs.  To the extent a response is deemed required, Defendants incorporate by reference and refer the Court to their responses to the preceding paragraphs.

70.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

71.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint sets forth Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in the prayer for relief and further aver that Plaintiffs are not entitled to the requested relief or any relief from the Defendants.

Defendants further deny any and all allegations in the complaint not expressly admitted herein to which a response is deemed required.

## CONCLUSION

Wherefore, having fully answered Plaintiffs' Complaint, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

DATED:  September 18, 2017          Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director,
Federal Programs Branch

*s/ Nathan M. Swinton*
NATHAN M. SWINTON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Tel: (202) 305-7667
Fax: (202) 616-8470
Email:  Nathan.M.Swinton@usdoj.gov

Attorneys for Defendants

**<u>Certificate of Service</u>**

On September 18, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Nathan M. Swinton*
Nathan M. Swinton
Senior Trial Counsel
