UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-1930-B |
| STEVEN MNUCHIN, in his official capacity as Secretary of the U.S. Department of the Treasury, ET AL., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' (collectively "the Department") objections, Doc. 39, to Magistrate Judge Toliver's order, Doc. 36, granting Plaintiffs' (collectively "Exxon") motion to compel completion of the administrative record (AR), Doc. 23. The Court **OVERRULES** the Department's objections.

I.

BACKGROUND[1]

In August 2011, Exxon and Rosneft, a Russian state-owned oil company, executed a Strategic Cooperation Agreement (SCA) to serve as a framework for their joint oil exploration and production venture in the Arctic Sea (Arctic Venture). Doc. 1, Pls.' Compl., ¶ 22. And as the SCA contemplated, in June 2013, Exxon and Rosneft entered into several additional agreements

---

[1] The Court takes its facts from the complaint and parties' motion-to-compel briefing. The facts are undisputed unless otherwise indicated.

pertaining to the Arctic Venture. *Id.* ¶¶ 23, 27.

In the spring of 2014, Russia deployed troops to a region of Ukraine called Crimea. *Id.* ¶ 31. In response, President Barack Obama issued Executive Orders 13660 and 13661 (collectively "Executive Orders"), which prohibited exchange of money, goods, and services between specially designated Russian nationals (SDNs) and United States citizens and entities. *Id.* ¶¶ 31–33. Igor Sechin, the president of Rosneft, was so designated. *Id.*

But Exxon thought it could move forward with the Arctic Venture anyway because, according to the White House, the Executive Orders only prohibited dealings with Sechin in his individual capacity, not as president of Rosneft. *Id.* ¶¶ 34–44; *see, e.g.*, <u>Background Conference Call on Ukraine Sanctions</u>, Office of the Press Secretary (Apr. 28, 2014, 9:24 PM), https://obamawhitehouse.archives.gov/the-press-office/2014/04/28/background-conference-call-ukraine-sanctions ("We are imposing sanctions on Sechin . . . individually.").

So in May 2014, Exxon executed several additional Arctic-Venture-related documents with Rosneft. Doc. 1, Pls.' Compl., ¶ 45. Sechin signed them in his capacity as Rosneft's president. *Id.* About a year later, the Department indicated its intention of fining Exxon in a pre-penalty notice because of Exxon's dealings with Sechin. *Id.* ¶ 53. Years of back and forth between Exxon and the Department followed. *See id.* ¶¶ 54–57. And then on July 20, 2017, the Department fined Exxon two million dollars in a penalty notice supported by its findings and conclusions. *Id.* ¶ 58.

Exxon filed suit that same day, claiming the Department's findings and conclusions were arbitrary and capricious under 5 U.S.C. § 706(2)(A). *Id.* ¶¶ 65–68. And Exxon asserts the Department violated the Fifth Amendment by failing to give notice that the Executive Orders

prohibited doing business with Rosneft. *Id.* ¶¶ 69–71.

In November 2017, the Department certified that the AR was made up of "non-privileged documents considered, directly or indirectly, in [the Department's] issuance of a Penalty Notice to [Exxon]." Doc. 22-1, Certification of AR, 2. Exxon moved to compel the Department to supplement the AR because it lacked and did not account for the privileged documents the Department considered. Doc. 24, Pls.' Mot. to Compel, 6. The Department responded that it need not disclose or otherwise account for privileged documents because privileged documents are not a part of the AR. Doc. 29, Defs.' Resp., 8–13. The Court referred the motion to Magistrate Judge Toliver. Doc. 27.

Magistrate Judge Toliver granted Exxon's motion. Doc. 36. She ordered the Department to supplement the AR with "all materials considered, directly or indirectly, by [the Department] in assessing the Penalty that were not already included in the [AR]. To the extent [the Department] continue[s] to assert privilege as to any of these supplemental materials, they must submit to [Exxon] . . . a privilege log that sufficiently identifies the documents and the basis of [its] assertion of privilege." *Id.* at 8–9.

The Department argues in its objections that Magistrate Judge Toliver erred by concluding that the AR is incomplete because it does not contain or account for privileged documents. Doc. 39, Defs.' Objections, 1–2. The Department's objections are ripe for consideration.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) permits a district judge to set aside or modify a non-dispositive pretrial order issued by a magistrate judge if the order is clearly erroneous or contrary to

law. That means the district judge reviews the magistrate judge's factual findings for clear error and legal conclusions de novo. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014).

## III.

## ANALYSIS

The Department argues Magistrate Judge Toliver's order is incorrect because privileged materials are not part of the AR, which means their absence does not make the AR incomplete. Doc. 39, Defs.' Objections, 7. And because privileged materials are not a part of the AR, there is no need to account for them in a privilege log. *Id.* at 12–13.

To decide whether an agency's action is arbitrary, the reviewing court must "review the whole [administrative] record," 5 U.S.C. § 706, which includes "all documents and materials directly or indirectly considered by [the] agency," *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 33 (N.D. Tex. 1981) (Higginbotham, J.). Courts must assume "the agency properly designated the [AR] absent clear evidence to the contrary." *City of Dall. v. Hall*, No. CIV.A. 307CV0060-P, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007). This is because "the designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Id.* So parties challenging the completeness of an AR must "provide the court with reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Id.*

The AR lacks documents the Department says are privileged. Doc. 22-1, Certification of AR, 2. Whether this means the AR is incomplete turns on a legal question that is novel to this district and the Fifth Circuit: is an AR incomplete if it does not include or otherwise account for documents the agency says are privileged? Magistrate Judge Toliver answered yes and the Court agrees. To be

complete, an AR must include or otherwise account for "*all* documents . . . considered by [the] agency," not just the non-privileged ones. *Exxon Corp.*, 91 F.R.D. at 33 (emphasis added). Of course, many documents an agency considers are privileged. "But the scope of the privilege doesn't define the scope of the material directly or indirectly considered. If a privilege applies, the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege." *Inst. for Fisheries Res. v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017); *see also W&T Offshore, Inc. v. Jewell*, No. 2:14-CV-02449, 2016 WL 8260549, at *3 (W.D. La. Feb. 23, 2016).

The Court acknowledges the D.C. Circuit has taken the opposite approach with respect to pre-decisional and deliberative documents. *See, e.g.*, *Oceana, Inc. v. Pritzker*, 217 F. Supp. 3d 310, 317–18 (D.D.C. 2016). In its vew, "[d]eliberative documents are excluded from the record because, when a party challenges agency action as arbitrary and capricious, the reasonableness of the agency's action 'is judged in accordance with its stated reasons.' '[T]he actual subjective motivation of agency decisionmakers is immaterial as a matter of law—unless there is a showing of bad faith or improper behavior.'" *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (quoting *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279, 1279 (D.C. Cir. 1998)). The D.C. Circuit's approach conflicts with § 706, which requires that the AR be made up of everything the agency considered and does not create an exception for privileged materials. *Exxon Corp.*, 91 F.R.D. at 33. And "[i]t is obvious that in many cases internal comments, draft reports, inter- or intra-agency emails, revisions, memoranda, or meeting notes will inform an agency's final decision," and not merely its subjective intent. *Inst. for Fisheries Res.*, 2017 WL 89003, at *1. Many district courts have rejected the D.C. Circuit's approach.

*See, e.g.*, *Pitman v. U.S. Citizenship & Immigration Servs.*, No. 2:17-CV-00166-CW-EJF, 2018 WL 3232355, at *3 (D. Utah July 2, 2018) ("[T]he Court will require the USCIS Defendants to produce a privilege log . . . for all [privileged] documents withheld."); *Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL 3126401, at *3 (N.D. Cal. June 26, 2018) ("This district has repeatedly required deliberative materials . . . to be added to the administrative record if they were considered in the agency's decision."); *Indigenous Envtl. Network v. U.S. Dep't of State*, No. CV-17-29-GF-BMM, 2018 WL 1796217, at *3 (D. Mont. Apr. 16, 2018) ("Internal agency communications and drafts are part of the universe of material directly or indirectly considered by agency decision-makers." (internal quotation marks and citation omitted)).

Accordingly, the Court finds that the Department's AR certification qualifies as "reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Hall*, 2007 WL 3257188, at *4. The AR does not account for the privileged materials the Department considered in issuing Exxon a fine. So Magistrate Judge Toliver's order requiring the Department to supplement the AR was not clearly erroneous or contrary to law.

## IV.

## CONCLUSION

For the reasons stated, the Court **OVERRULES** the Department's objections to Magistrate Judge Toliver's order, and **ORDERS** the Department to comply with Magistrate Judge Toliver's order by **September 21, 2018**.

SO ORDERED.

SIGNED: August 29, 2018.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE