UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION; EXXONMOBIL DEVELOPMENT COMPANY; and EXXONMOBIL OIL CORPORATION,<br><br>            Plaintiffs,<br><br>    - against -<br><br>STEVEN MNUCHIN, in his official capacity as the Secretary of the United States Department of the Treasury; ANDREA M. GACKI, in her official capacity as the Director of the United States Department of the Treasury's Office of Foreign Assets Control; and UNITED STATES DEPARTMENT OF THE TREASURY'S OFFICE OF FOREIGN ASSETS CONTROL,<br><br>            Defendants. | No. 3:17-cv-1930<br>The Honorable Jane Boyle |

## PLAINTIFFS' SEALED MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rules 56.1-56.5, Plaintiffs Exxon Mobil Corporation, ExxonMobil Development Company, and ExxonMobil Oil Corporation (collectively, "ExxonMobil") file this Motion for Summary Judgment. To the extent that they are not set forth in this Motion, each of the required matters in Local Rule 56.3(a) is set forth in ExxonMobil's Memorandum of Law in Support of Motion for Summary Judgment filed concurrently with this Motion.

### SUMMARY

The Office of Foreign Assets Control (OFAC) issued a penalty notice to ExxonMobil on July 20, 2017, for allegedly violating the Ukraine-related sanctions regulations when it signed certain documents with a non-sanctioned Russian oil company, Rosneft, in 2014. The Ukraine-

related sanctions regulations prohibited dealing in the blocked property of certain designated individuals, including Igor Sechin, the president of Rosneft, but did not prohibit any dealings with Rosneft or Rosneft's property.

ExxonMobil is entitled to summary judgment on its claim, brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), that OFAC's penalty notice is arbitrary and capricious and otherwise not in accordance with law.

Further, ExxonMobil is entitled to summary judgment on its claim, brought pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(B), and the Due Process Clause of the Fifth Amendment of the United States Constitution, that the penalty notice was issued without fair notice, contrary to ExxonMobil's constitutional right.

## SUMMARY JUDGMENT EVIDENCE

The Motion is based on the accompanying Memorandum, the Revised Administrative Record lodged with the Court by Defendants on August 12, 2019, the summary judgment evidence contained in the Appendix in Support of ExxonMobil's Motion for Summary Judgment (filed concurrently with this Motion), as well as the pleadings, evidence, and papers on file with the Court, of which ExxonMobil requests the Court to take judicial notice.

## SUMMARY JUDGMENT GROUNDS

ExxonMobil moves for summary judgment in its favor on each of its claims on the following grounds:

   I.   **The Challenged Conduct Did Not Violate the Ukraine-Related Sanctions Regulations.**

        A. ExxonMobil did not deal in the blocked property of a specially designated national. *See* Memorandum at Argument § I.A.

        B. ExxonMobil did not deal in any services of, or receive any services from, a specially designated national. *See* Memorandum at Argument § I.B.

    C. Contemporary White House and Treasury statements confirm that Executive Order 13661 was intended to sanction designated individuals only in their individual capacities and to block only their personal assets, not the property of companies that those individuals might manage.  *See* Memorandum at Argument § I.C.

    D. In its penalty notice, OFAC ignored the dispositive legal question of whether the Ukraine-related sanctions regulations apply to actions taken by a specially designated national in his capacity as a representative of a non-blocked entity.  *See* Memorandum at Argument § I.D.

    E. OFAC's interpretation of the Ukraine-related sanctions regulations is not entitled to deference.  *See* Memorandum at Argument § I.E.

**II. By Imposing Penalties on ExxonMobil, OFAC Drew Arbitrary and Capricious Distinctions that Contradicted Earlier Positions of the Treasury Department.**

    A. OFAC's decision to impose penalties was inconsistent with the Treasury Department's earlier statements that U.S. persons may lawfully interact with Sechin in his capacity as a member of Rosneft's board.  *See* Memorandum at Argument § II.A.

    B. OFAC's decision to impose penalties drew arbitrary and capricious distinctions between substantively indistinguishable conduct.  *See* Memorandum at Argument § II.B.

**III. By Failing to Provide Fair Notice of Its Interpretation of the Ukraine-Related Sanctions Regulations, OFAC Violated Due Process.**

    A. The plain text of Executive Order 13661 does not provide ascertainable certainty of OFAC's current interpretation.  *See* Memorandum at Argument § III.A.

    B. The contemporaneous statements of White House and Treasury officials preclude a finding of fair notice.  *See* Memorandum at Argument § III.B.

    C. OFAC did not adopt its current interpretation or publicly disclose it until after ExxonMobil executed the Rosneft documents.  *See* Memorandum at Argument § III.C.

**REQUEST FOR HEARING**

Pursuant to Rule II.F of this Court's procedures, ExxonMobil respectfully requests a hearing on ExxonMobil's Motion, as ExxonMobil believes that a hearing would be of assistance to the Court in ruling on the Motion. Pursuant to Rule I.I of this Court's procedures, ExxonMobil intends to meet and confer with Defendants on potential dates and times for the hearing and will provide further written notice to the Court once such conferencing has occurred.

**CONCLUSION AND PRAYER**

ExxonMobil respectfully requests that the Court grant ExxonMobil's Motion, enter summary judgment in its favor on its claim pursuant to 5 U.S.C. § 706(2)(A) and on its claim pursuant to 5 U.S.C. § 706(2)(B) and the Due Process Clause of the Fifth Amendment of the United States Constitution, declare the penalty notice unlawful, vacate the penalty notice, and enjoin Defendants from enforcing it.

Respectfully submitted,

/s/*Nina Cortell*

Shannon Ratliff
State Bar No. 16573000
sratliff@ratlifflaw.com
Davis, Gerald & Cremer
600 Congress Avenue, Suite 3100
Austin, TX 78701
(512) 493-9600
Fax: (512) 493-9625

Nina Cortell
State Bar No. 04844500
nina.cortell@haynesboone.com
Haynes & Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
(214) 651-5579
Fax: (214) 200-0411

Neil H. MacBride
District of Columbia Bar No. 439137
neil.macbride@davispolk.com
Davis Polk & Wardwell LLP
901 15th Street, N.W.
Washington, DC 20005
(202) 962-7030
Fax: (202) 962-7118
*Admitted pro hac vice*

Antonio J. Perez-Marques
New York Bar No. 4168571
antonio.perez@davispolk.com
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4559
Fax: (212) 701-5559
*Admitted pro hac vice*

Kannon K. Shanmugam
District of Columbia Bar No. 474304
kshanmugam@paulweiss.com
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300
Fax: (202) 204-7397
*Admitted pro hac vice*

Patrick J. Conlon
Exxon Mobil Corporation
State Bar No. 24054300
patrick.j.conlon@exxonmobil.com
22777 Springwoods Village Parkway
Spring, TX 77389
(832) 624-6336
*Admitted pro hac vice*

*Attorneys for Exxon Mobil Corporation, ExxonMobil Development Company, and ExxonMobil Oil Corporation*

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of August 2019, a true and correct copy of the foregoing document was filed electronically via the CM/ECF system, which gave notice to all counsel of record pursuant to Local Rule 5.1(d).

/s/*Nina Cortell*